**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOSE AGUIRRE,

            Petitioner,

v.                                                                      CIVIL ACTION NO. 3:26-0425

DAVID VENTURELLA,
Acting Director, United States Immigration and
Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
Acting United States Attorney General,
DAVID KLUEMPER,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

            Respondents.

**ORDER TO SHOW CAUSE**

Upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1), **IT**

**IS HEREBY ORDERED** that:

1. Respondents shall file a written response to show cause as to why the Petition should not

   be granted by Thursday, July 2, 2026, at Noon. The response shall indicate whether

   Respondents have a good faith basis to assert that they will present arguments in this case

   that have not previously been considered and rejected by this Court.

2.  Petitioner shall have an opportunity to file a reply no later than Tuesday, July 7, 2026, at 8:30 A.M.

3.  This matter shall be heard by this Court on Tuesday, July 7, 2026, at 1:00 P.M., if necessary.

4.  To the extent Respondents intend to assert that jurisdiction and/or venue in the Southern District of West Virginia is improper in this case, Respondents shall file any such objections within twenty-four hours of entry of this Order. Any objections, too, shall indicate whether Respondents have a good faith basis to assert that they will present arguments pertaining to jurisdiction and/or venue that were not considered and rejected by this Court. Petitioner shall file any reply to any filed objections no later than twenty-four hours following Respondents' filing.

5.  As this Court previously ordered, ECF No. 4, Respondents shall not remove or facilitate the removal of Petitioner from the Southern District of West Virginia pending further order of the Court. To the extent Petitioner has already been removed from this jurisdiction, Respondents shall not transport Petitioner to a geographically further location or remove Petitioner from the United States pending further order of the Court.

6.  Respondents shall afford Petitioner the opportunity to confidentially consult with counsel so long as he remains in custody and shall facilitate future requests for communication within twenty-four hours of counsel's requests.

7.  Upon receipt of this Order, Respondents shall promptly ensure that all of Petitioner's property seized incident to detention is accounted for and that all such property can be immediately made available to Petitioner in the event Petitioner is released. To the extent Petitioner's property has already been removed from this jurisdiction, Respondents shall

take all necessary steps to ensure that said property can be immediately made available to Petitioner at the time of his release in the event Petitioner is released.

8. Service of this Order shall be made by Petitioner on the United States Attorney for the Southern District of West Virginia by 5:00 P.M. on Monday, June 29, 2026, and shall constitute good and sufficient service on Respondents.

ENTER:    June 29, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-3-